**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVE GARY JONES, JR.,
Plaintiff-Appellant,

v.

No. 98-2704

WELLS FARGO GUARD SERVICES, Borg
Warner Protective Services,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-98-2725-CCB)

Submitted: February 23, 1999

Decided: April 29, 1999

Before ERVIN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Steve Gary Jones, Jr., Appellant Pro Se. Theresa Wirtz Hajost,
PORTER, WRIGHT, MORRIS & ARTHUR, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steve Gary Jones appeals the district court's order granting a motion to compel arbitration and a motion to dismiss. Under the Federal Arbitration Act (FAA), 9 U.S.C. § 16(a)(1) (1994), immediate appellate review is available for orders refusing to compel arbitration, however, appellate review is generally not available for orders compelling arbitration "until after the arbitration has gone forward to a final award." American Cas. Co. v. L-J, Inc. , 35 F.3d 133, 135 (4th Cir. 1994) (quotation omitted).

An order compelling arbitration is final for purposes of appellate jurisdiction under the FAA if it is the result of an "independent proceeding" in which "the sole issue before the district court is the arbitrability of the dispute." Humphrey v. Prudential Sec. Inc., 4 F.3d 313, 317 (4th Cir. 1993). If the order arises in an "embedded proceeding" and the district court renders all claims subject to arbitration, the order is not immediately appealable. See In re Pisgah Contractors, Inc., 117 F.3d 133, 136 (4th Cir. 1997). An embedded proceeding is one in which the arbitration issue is not the sole issue in the action but is raised as an incidental issue in an underlying action raising other claims for relief. See Jeske v. Brooks, 875 F.2d 71, 73 (4th Cir. 1989).

Jones' appeal presents a typical embedded action in which the district court ordered arbitration and rendered all of Jones' claims subject to arbitration. The arbitrability of Jones' suit was not the sole issue below, rather it arose as an issue incident to an underlying action claiming employment discrimination. The district court did not resolve the merits of Jones' claim, but found them arbitrable. Thus, Jones' appeal of the order compelling arbitration is interlocutory and should be dismissed.

2

An order compelling arbitration in an embedded proceeding is interlocutory even when "the practical effect of the district court's actions was to render a final resolution as to all issues before it." Humphrey, 4 F.3d at 317. The district court's order granted a motion to compel arbitration in an embedded proceeding, and thus the order was not final under the FAA.

Accordingly, we dismiss Jones' appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3